RANDOLPH, *Appellant*, v. MAUCK.

An Appeal must be perfected at the same term at which the court disposes of the motions for new trial and in arrest; no agreement of parties and order of the court will authorize an appeal at a subsequent term; the right of appeal depends upon compliance with the statutes.

*Appeal from Knox Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

APPEAL DISMISSED.

*Charles A. Winslow* for appellant.

*McQuoid & Balthrope* for respondents.

MARTIN, C.—It is impossible for us to consider the merits of this case, the appeal not having been perfected within the time required by law. There was a trial by jury and a verdict for the defendants at the December term, 1877, of the Knox county circuit court. At the same term and within four days the plaintiff filed a motion in arrest of judgment. These motions were by consent of parties continued to the June term, 1878, at which term they were overruled on the 7th day of June, 1878. At the time they were overruled the plaintiff, with the consent of defendants,

obtained leave of court to file his bill of exceptions, affidavit and bond for an appeal at the December term, 1878, that being the next regular term of the court. The bill was not filed at that term, nor was the appeal then perfected by affidavit and bond in compliance with the agreement and order of leave. But at the said December term, the defendants consenting, the plaintiff obtained another order extending the time for perfecting his appeal by bill of exceptions, affidavit and bond at the next regular term of the court, being the June term, 1879. When the last mentioned term arrived the appeal was not perfected, but a similar agreement and order were entered extending the time for doing this to the next regular term, being the December term, 1879. At this last mentioned term the present appeal was allowed by the court, with bill of exceptions, affidavit and bond. A motion was made to dismiss the appeal upon the record as originally returned to this court, but, after the plaintiff applied for a *certiorari*, the motion was denied and the order granted. The return of the clerk to the order of *certiorari* makes the irregularity of the appeal more apparent than it was before.

These agreements and orders are insufficient in law to bring the case here by appeal for two reasons: 1st, An appeal must be perfected at the same term at which the court disposes of the motions for new trial and in arrest. The right of appeal depends upon the statutes, and they do not authorize an appeal at a subsequent term. It has been held that by agreement of parties and order of court a bill of exceptions can be filed in vacation, but no agreement or order will authorize an appeal to be granted at a subsequent term. 2nd, The agreement and order of extension of time for appeal, which were entered at the term at which the motions for new trial and in arrest were disposed of, were not complied with. The present appeal was allowed in compliance with an agreement and order entered three terms after the court had ceased to have any jurisdiction of the case.

The appeal should be dismissed. PHILIPS, C., concurs; WINSLOW, C., not sitting, having been of counsel.